CHIEF EDITOR - - - W. J. TOSSEL
President - - - J. F. Laning
Vice Pres & Cir. Mgr. - Sam H. Torrey
Secretary and Treasurer - S. R. Laning

Issued Every Wednesday
50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Per year (50 issues) Payable in Advance..$15.00
Single Numbers ........................ .50
First Semi-Annual Digest, No. 36, separately 2.50
Second Semi-Annual Digest, Vol. 2, No. 2 2.50

Address all communications to:
**The Law Abstract Co., 1727 Bryn Mawr Ave.**

### THIS MONTH'S DIGEST SERVICE

The Current Digest for May appears in this number of The Abstract, and attention is called to our Digest Service.

In each of the issues of The Abstract we give the Tables of Cases appearing therein, and a Semi-Index Digest of the decisions in the published cases.

These weekly Tables and Digests are cumulated into a Monthly Digest, and that of each month is published in the first paper of the following month.

By this plan, to find all of the digesting of the different months, the searcher for an authority has to look only to the Digest appearing in the first issue of each month, instead of the weekly digests.

These Monthly Digests are then assembled in a Semi-Annual Digest, one of which appears each half year, the first a supplement to the last June number, and the second the last December number.

The space needed in this issue to print the Digest for the five May papers curtails us as to new opinions we can print. Next week, however, we will come back to normalcy.

We regret not having sufficient space in this paper to present our cumulative Code Notes, and to make up for it, will give an enlarged amount of space to the subject next week.

We omit also, this week, the Current Digest, but, in order that nothing be missed, next week's paper will cover two weeks of cases.

### CONCORDANCE SERVICE

This week we are commencing to add to The Abstract and to present regularly and systematically, a section of the Current Weekly Digest, which for want of a better name we shall call a Concordance. The Supreme Court is announcing each week decisions which sustain or overrule and thus strengthen or weaken many of the theretofore reported opinions of the Court of Appeals, published in The Abstract, and we feel that it is our duty to furnish our patrons with such a listing of these disturbing opinions as will enable them to quickly turn to and keep informed as to the standing value of these affected decisions as precedents.

A look at the work we begin in this issue, found on the last page of cover, will convey a better idea as to what the Concordance will be, than any description we can write of it. The work will be continued and developed each week so as to present a current report of the concord and discord in the various opinions, through affirmance or disaffirmance by higher courts, and the weekly parts will be cumulated and republished monthly so that a look in one place will give a consolidated viewpoint of several week's production. Then the monthlies will be further cumulated into larger issues. In addition to this the service will present constant revisions, so that as the pagings of the cases in the official volumes become available, they can be known to the examiner. We expect to give our patrons the most complete and best service in this respect that it is possible to prepare, by keeping before them the means of knowing the precedent value of each opinion that has been published.

## U. S. COURT OF APPEALS
### No. 350
VAN TRESS et al v. UNITED STATES
U. S. Circuit Court of Appeals, 6th Circuit
No. 3600. Decided Oct. 5, 1923

285. CONSPIRACY—Evidence as to misrepresentations in prosecution for conspiracy to use mails to defraud insufficient to sustain conviction—In prosecution for conspiring to use mails to defraud, one of the alleged conspirators could not be convicted on evidence showing him to be sole actor—Denial of directed verdict not error, if there is evidence supporting a subsidiary theory—Evidence of conspiracy to use mails to defraud held insufficient by jury.

DENISON, C. J.

Van Tress and 15 others were indicted of conspiracy to use the mails in executing a scheme to defraud and thus violating Section 37 of the Penal Code. In the fall of 1917, as had been done in previous years, the United States was to sell a large number of tracts of Indian land in southwestern Oklahoma. Van Tress, through the medium of a corporation controlled by him, was engaged in real estate business, giving particular attention to these Indian lands. The general plan of the Exchange was to procure from prospective in-

vestors throughout the country contracts by which the Exchange was made agent for the investor to buy a tract of these lands. The investor was to advance the money and the Exchange was to receive compensation for its services in locating and securing a tract and attending to the details of the purchase.

This general method of doing business had been followed by the Exchange for several years. To attract investors and to induce the making of these agency contracts it maintained a considerable number of railroad cars. Each of these was fitted up with maps, photographs, literature and samples of Oklahoma agricultural products. The practice was to send one of these cars, accompanied by salesmen, into a city and advertise the plan in the local newspapers. By this means many investors were procured. It was not claimed that the Exchange converted the money to its own use, but that there was a misrepresentation as to the nature and character of the land. In reversing the judgment of the lower court, the United States Circuit Court held:

1. In the prosecution of the manager, officers and salesmen of a concern for conspiring to use the mails to defraud, in violation of Penal Code 37 (Comp. St. 10201), in which it was claimed that the defendants induced persons by means of fraud to enter into contracts appointing the concern their agent in the purchase of Indian lands, evidence as to several instances of misrepresentations by salesmen as to the land values held insufficient to sustain conviction; the charge being conspiracy, and the salesmen being guilty, notwithstanding such misrepresentations, only if they participated in the conspiracy.

2. In the prosecution of the manager, officers and salesmen of a concern for conspiring to use the mails in executing a scheme to defraud, in violation of Penal Code 37 (Comp. St. 10201), in which it was claimed that the defendants induced persons by means of fraud to enter into contracts appointing the concern their agent in the purchase of Indian lands, the manager could not be convicted on evidence showing that he was the sole planner and actor, the charge being conspiracy.

3. In a prosecution for conspiracy to use the mails to defraud, in violation of Penal Code 37 (Comp. St. 10201), the denial of defendant's motions for a directed verdict would not have been error, even though there was no substantial evidence to support the theory of guilt charged in the indictment and maintained during the trial, if there was evidence supporting a subsidiary theory of guilt, which could fairly be deduced from the indictment and which had been fairly developed during the trial and was distinctly submitted to the jury.

4. In the prosecution of the manager, officers and salesmen of a concern, for conspiring to use the mails in executing a scheme to defraud, in violation of Penal Code 37 (Comp. St. 10201), in which it was claimed that the defendants induced persons by means of fraud to enter into contracts appointing the concern their agent in the purchase of Indian lands, evidence held insufficient for submission of case to jury.

Attorneys—Charles C. Benedict and Timothy T. Ansberry, for Van Tress et al; James R. Clark, for United States.

## OHIO SUPREME COURT

The following is the most complete and accurate List of Cases and Decisions Filed and Disposed of in this Court.

It is the Only List in which cases are Indexed and Annotated by back references to the place where they have formerly appeared, thus giving their complete record.

## WEEKLY LIST OF NEW CASES DOCKETED

### INDEX TO NEW CASES DOCKETED

Blake & Co. v. Hocking Val. Rd. Co.____ 18607
Byesville (Vil.) v. Burt_____ 18583
Clev., C. C. & St. L. Ry. v. McKenzie Co. 18601
Curd Co. v. Stave Corp._____ 18612
Davis, Agt., v. Bowen_____ 18584
Denton et v. Boulvd. Garage Co._____ 18585
Empire Gas Co. v. Coolahan_____ 18609
Ironton & Russell Bridge Co. v. Miller_ 18609
Lampe v. Altimari _____ 18605
Levi v. Levi Mfg. Co._____ 18609
Ronk et v. Bender et_____ 18604
Shiffer v. Gordon Sq. Co._____ 18602
State ex v. Carter_____ 18610
Wonderly v. Tax Commission_____ 18612
State ex v. Zangerle_____ 18582

### May 13

18582—State of Ohio ex rel Ralph H. Waterbury, v. John A. Zangerle, Auditor of Cuyahoga County. In Mandamus. For plaintiff, Holding, Masten, Duncan & Leckie, Wilkins, Cross & Daoust, Cleveland.

### May 14

18583—Village of Byesville v. David S. Burt; Guernsey; to certify. For plaintiff, Milton H. Turner; for defendant, Charles S. Shepard; both of Cambridge.

18584—James C. Davis, Agent of United States, v. George T. Bowen; Drake County; to certify record. For plaintiff, Mannix, Crawford & Billingsley, Greenville; R. C. Porter, Cincinnati; for defendant, John F. Maher, Greenville.

18585—Elroy C. Denton et al v. Boulevard Garage & Service Co.; Hamilton; to certify record. For plaintiff, Pogue. Hoffheimer & Pogue, Bettinger, Schmitt & Kreis. Walter M. Locke; for defendant, Thomas H. Paxton, Lester A. Jaffe; all of Cincinnati.

### May 21

18601—Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. McKenzie Lumber Co.; motion to direct Delaware Appeals to certify record. R. C. Porter, Cincinnati, for the plaintiff; Mariott, Freshwater, Wickham & Marriott, Delaware, for defendant.